Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

IN RE:

Martin Jacks
Jennie Jacks

**Debtors**

**CASE: 24-21127**

**CHAPTER 13**

**Hon. JOEL T. MARKER**

Confirmation Hearing: 7/23/24  10:00 am

## TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

1. The Debtors filed a Chapter 13 petition for relief on March 18, 2024 and the First Meeting of Creditors under section 341 was continued and held on June 14, 2024.

2. The Debtor(s) failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

3. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2023 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

4.  Schedule A/B fails to fully disclose and value the following property of the estate:  Venmo financial account.

5.  The Debtor(s) failed to produce at the 341 Meeting statements from their Venmo financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

6.  The Debtor(s) failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(D)). The Debtor(s) must provide copies of all documents requested in the business questionnaire, including but not limited to: bank statements for all accounts month prior, month of and month after petition, business license, insurance policies held by the business, business taxes (either form 1120 or Schedule C of the individual return), asset and liability sheet (including date of purchase and purchase price) and balance sheet.

7.  The Trustee hereby makes a motion to dismiss under LR 2083-1(g) for failure to turnover the following documents: Business questionnaire (and related documents), copies of tax returns, and bank statement(s).  The Trustee will seek dismissal at the confirmation hearing set for July 23, 2024, unless the missing documents are provided no later than 14 days prior to the confirmation hearing, or an objection to dismissal is filed.

8.  Based on review of the real property listed on Schedule A/B, the Trustee requests the Debtor(s) provide a better determination of value outside of the county property tax assessment. The Trustee reserves the right to object to best interest of creditors upon further evidence of value being provided.

9.  It appears Martin has a new job or income that is not disclosed on the Schedule I and verification of such income has not been provided.  Prior to the confirmation hearing, the Debtor(s) should provide the Trustee with verification of such income in the form of two (2) recent payment advices.

10.  The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4).  Based on the assets and debts listed in the statements and schedules, the Trustee has determined in a hypothetical Chapter 7 case that unsecured creditors would share a total distribution of approximately $336,020.00, while the current plan proposes a return of only $87,082.65 to unsecured creditors.

11.  The Debtor(s) must amend the petition to include "Jennie Ann Wilds" and "Martin David Jacks" as an also-known-as.

12.  The Trustee requests the Debtor(s) provide documentary evidence to substantiate the value of the Chevrolet Suburban, Ford F150 and the Kawasaki 4-Wheeler, listed on Schedule A/B.

13.  Schedule G does not list what the leases are for.

14.  The Debtor(s) list on Schedule J an expense for telephone of $900.00.  The Debtor(s) should either substantiate this expense with admissible, documentary evidence, or remove it from Schedule J.

15.  The Debtor(s) have failed to correctly list monthly expenses of $850.00 for health insurance and auto insurance of $575.00, on Schedule J.

16.  The Debtor(s) are claiming expenses on Schedule J that are not reasonably necessary for their maintenance and support.  The Trustee requests that the Debtor(s) obtain Court approval to continuing paying school expense of $350.00 for college student.

17.  The Debtor(s) have listed a monthly mortgage payment on their budget.  The Debtors should provide proof that they are making postpetition monthly mortgage payments consistent with the budget, or they should increase the plan payment by the amount of the mortgage payment they are not making.

18.   It appears that the Debtor(s) owe a prepetition arrearage claim to a mortgage creditor; however, the plan does not provide for this secured claim as required by § 1325(a)(5).  The plan proposes that the arrearage will be cured through a loan modification that will amortize the prepetition arrearage claim into the principal amount of the note and trust deed.  This proposal is administratively burdensome to the Trustee because when the mortgage creditor files an allowed claim, the Trustee must set the claim on "reserve" and allocate a portion of the monthly plan payments to this claim in the event the Debtor(s) do not obtain a loan modification.  In practice, Debtor(s) have failed to timely prosecute or obtain a final post-petition loan modification that has resulted in prejudice to other creditors by delaying the disbursement of reserved funds to creditors in a lower class, and especially unsecured creditors.  The Trustee cannot complete the Trustee's Report of Claims Process as required by Local Rule 2083-1(l) until there is resolution of the loan modification and claim.  Therefore, the Trustee objects to confirmation unless the Debtor(s) propose a feasible plan that provides for the mortgage arrearage claim or surrenders the real property.

19.   Counsel should resolve the discrepancy in the retainer amounts listed in the Statement of Financial Affairs and the *Disclosure of Compensation of Attorney for Debtor* filed under Bankruptcy Rule 2016.

20.   The Trustee objects to a household size of 5 on the Form 22C-1 as the adult children were not claimed as dependents on the most recent tax return. The Debtor(s) must disclose the income the adult children are earning on the Form 22C-1 or remove them from the household size. Alternatively, the Debtors may obtain court ruling that the adult children meet criteria to be considered dependents. See In re Heinze, 2011 WL 143870 (Bankr. D. Wy. 2011).

21.   The plan appears to improperly classify a secured claim as a "910-vehicle" claim that is subject to § 506 (see § 1325(a)(9)).  The plan should be amended to classify the claim as a general secured claim.

22. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Utah State Tax Commission.

23. The Trustee objects to the Plan because it fails to clearly state the proposed return to non-priority unsecured creditors under Part 5.1.

24. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Debtor(s) have failed to include a statement indicating the applicable commitment period is 36 months as a below median case or 60 months as an above median case.

25. Part 3.1 of the Plan fails to include the current installment payment as listed on Schedule J.

26. The Trustee requests the Debtor(s) provide copies of dissolution of business documents.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtors are unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: June 19, 2024                              MaryAnn Bride
                                                  Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on June 20, 2024:

Martin Jacks and Jennie Jacks, 1737 Kerrybrook Dr,Kaysville, UT 84037

Jennie Jacks, 1737 Kerrybrook Dr,Kaysville, UT 84037

LILLIAN M. REEDY, ECF Notification

                                                  /s/ Helen Doherty